UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

HAFEEZ SAHEED,

                                     Plaintiff,

        -against-

CITY OF NEW YORK, KEVIN KENNY, Individually,
WILLIAM NAKELSKI, Individually, OU WU, Individually,
and JOHN and JANE DOE 1 through 10, Individually (the
names John and Jane Doe being fictitious, as the true names
are presently unknown),

                                   Defendants.

--------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

17 CV 1813 (KPF)

Jury Trial Demanded

      Plaintiff HAFEEZ SAHEED, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983, and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts supplemental state law claims.

## JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

    4.    Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff HAFEEZ SAHEED is a thirty-three-year-old man residing in the Bronx,

New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police

Department, a duly authorized public authority and/or police department, authorized to perform

all functions of a police department as per the applicable sections of the aforementioned

municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants,

KEVIN KENNY, WILLIAM NAKELSKI, OU WU, and JOHN and JANE DOE 1 through 10,

were duly sworn police officers of said department and were acting under the supervision of said

department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On December 12, 2015, beginning at approximately 3:00 a.m., plaintiff was lawfully operating a motor vehicle when he was pulled over in the vicinity of Boston Road and Wilson Avenue, Bronx, New York by defendant NYPD Officers WILLIAM NAKELSKI and OU WU, and Lieutenant KEVIN KENNY.

13.     Plaintiff was ordered out of his vehicle by defendants without cause or justification, tightly handcuffed by defendant WILLIAM NAKELSKI, causing him pain, discomfort, and injuries, and was arrested by defendants KEVIN KENNY, WILLIAM NAKELSKI, and OU WU without probable cause to believe he had committed any crime or offense.

14.     Mr. Saheed was thereafter imprisoned in a police vehicle, transported to the 47th Police Precinct by defendant WILLIAM NAKELSKI, and imprisoned therein.

15.     Mr. Saheed requested defendant WILLIAM NAKELSKI obtain medical treatment for his wrists, which was not provided.

16.     Plaintiff remained imprisoned without probable cause until he was released via the issuance of three traffic summonses by defendant OU WU numbered: ABA0487734, ABA0487756, and ABA048775, and a criminal court summons numbered 4423257124, falsely charging him with various traffic offenses, and compelling his appearance in traffic court and in Bronx County Criminal Court.

17.     The defendant NYPD police officers caused said process to be issued to Mr.

3

Saheed based on false allegations made for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid an investigation and/or discipline for the above described misconduct.

18.     Mr. Saheed appeared in Bronx County Criminal Court to answer for the criminal court summons, which was dismissed and sealed on February 10, 2016.

19.     Defendants created and manufactured false evidence when they swore out or otherwise failed to intervene to stop the issuance of false summonses against plaintiff, and conveyed same to prosecutors and/or courts, causing said evidence to be used against plaintiff.

20.     Defendant KEVIN KENNY supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

21.     Defendants KEVIN KENNY, WILLIAM NAKELSKI, and OU WU owed a duty to plaintiff.

22.     Defendants KEVIN KENNY, WILLIAM NAKELSKI, and OU WU breached their duty to plaintiff when they arrested plaintiff and placed overtight handcuffs on plaintiff's wrists, resulting in plaintiff sustaining physical and emotional injuries.

23.     Defendants JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts or failed to intervene in them despite a meaningful opportunity to do so.

24.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and pursuant to a practice of escalating traffic stops to full blown arrests without sufficient bases to do so.  Specifically, the City of New York has failed to train its police officers in how to properly deescalate and not

otherwise lose their temper when civilians ask why they are being stopped or arrested.

25.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and the media, that many NYPD officers, including the defendants, are insufficiently trained regarding traffic stops and the concept of de-escalation, and that they engage in falsification.

26.     Further, in another civil rights action filed in this circuit involving false allegations by NYPD officers, Eastern District Senior Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department.  . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

27.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

28.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

29.     All of the aforementioned acts of defendants, their agents, servants and employees

were carried out under the color of state law.

30.     All of the aforementioned acts deprived plaintiff HAFEEZ SAHEED of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

31.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

32.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

33.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

34.     As a result of the foregoing, plaintiff HAFEEZ SAHEED sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

<u>**Federal Claims**</u>

**AS AND FOR A FIRST CAUSE OF ACTION**
<u>(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)</u>

35.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.     Defendants arrested plaintiff HAFEEZ SAHEED without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

37.     Defendants caused plaintiff HAFEEZ SAHEED to be falsely arrested and unlawfully imprisoned.

38.     As a result of the foregoing, plaintiff HAFEEZ SAHEED is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)

39.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     Defendants created false evidence against plaintiff HAFEEZ SAHEED.

41.     Defendants utilized this false evidence against plaintiff HAFEEZ SAHEED in legal proceedings.

42.     As a result of defendants' creation and use of false evidence, plaintiff HAFEEZ SAHEED suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

43.     As a result of the foregoing, plaintiff HAFEEZ SAHEED is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

44.　　Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.　　Defendants initiated, commenced and continued a malicious prosecution against plaintiff HAFEEZ SAHEED.

46.　　Defendants caused plaintiff HAFEEZ SAHEED to be prosecuted without any probable cause until the charges were dismissed.

47.　　As a result of the foregoing, plaintiff HAFEEZ SAHEED is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

48.　　Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.　　The level of force employed by defendant officers was excessive, objectively unreasonable and otherwise in violation of plaintiff's constitutional rights.

50.　　As a result of the aforementioned conduct of the defendant officers, plaintiff was subjected to excessive force and sustained physical injuries and emotional distress.

51.　　As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and

8

disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

52.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Defendants had an affirmative duty to intervene on behalf of plaintiff HAFEEZ SAHEED, whose constitutional rights were being violated in their presence by other officers.

54.     The defendants failed to intervene to prevent the unlawful conduct described herein.

55.     As a result of the foregoing, plaintiff HAFEEZ SAHEED's liberty was restricted for an extended period of time, he was put in fear of his safety, he was subjected to handcuffing, and he was humiliated and compelled to appear in criminal court.

56.     As a result of the foregoing, plaintiff HAFEEZ SAHEED is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

57.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.     Defendants KEVIN KENNY personally caused plaintiff's constitutional injury by being participating in violating his constitutional rights and being deliberately or consciously indifferent to plaintiff's rights by failing to properly supervise and train his subordinate

employees.

59.     As a result of the foregoing, plaintiff HAFEEZ SAHEED is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

60.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

62.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff HAFEEZ SAHEED's rights as described herein.  In addition, the New York City Police Department has failed to properly train its employees with regard to proper and safe procedures for conducting car stops, safe handcuffing practices, and are also aware that many officers engage in falsification in support of improper arrests.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

63.     The foregoing customs, policies, usages, practices, procedures and rules of the

10

CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff HAFEEZ SAHEED.

64.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff HAFEEZ SAHEED as alleged herein.

65.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff HAFEEZ SAHEED as alleged herein.

66.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff HAFEEZ SAHEED was unlawfully arrested and maliciously prosecuted.

67.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff HAFEEZ SAHEED' constitutional rights.

68.     All of the foregoing acts by defendants deprived plaintiff HAFEEZ SAHEED of federally protected rights, including, but not limited to, the right:

      A.     To be free from false arrest/unlawful imprisonment;

      B.     To receive his right to fair trial;

      C.     To be free from malicious prosecution.

      D.     To be free from excessive force; and

      E.     To be free from failure to intervene.

69.     As a result of the foregoing, plaintiff HAFEEZ SAHEED is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

70.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.     Within ninety (90) days after the claims herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, Notices of Claim setting forth all facts and information required under the General Municipal Law 50-e.

72.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

73.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

74.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

75.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

76.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.     The defendant officers arrested plaintiff HAFEEZ SAHEED without probable

12

cause.

78.     Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

79.     As a result of the aforementioned conduct, plaintiff HAFEEZ SAHEED was unlawfully imprisoned in violation of the laws of the State of New York.

80.     As a result of the aforementioned conduct, plaintiff HAFEEZ SAHEED suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

81.     Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

82.     As a result of the foregoing, plaintiff HAFEEZ SAHEED is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN NINTH CAUSE OF ACTION**
(Assault under the laws of the State of New York)

83.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84.     As a result of the foregoing, plaintiff HAFEEZ SAHEED was placed in apprehension of imminent harmful and offensive bodily contact.

85.     As a result of defendant officers' conduct, plaintiff HAFEEZ SAHEED has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

86.     Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

87.     As a result of the foregoing, plaintiff HAFEEZ SAHEED is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

88.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.     Defendant officers made offensive contact with plaintiff HAFEEZ SAHEED without privilege or consent.

90.     As a result of the defendant officers' conduct, plaintiff HAFEEZ SAHEED has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

91.     Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

92.     As a result of the foregoing, plaintiff HAFEEZ SAHEED is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(<u>Malicious Prosecution under the laws of the State of New York</u>)

93.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94.     Defendant RIVERA initiated, commenced and continued a malicious prosecution against plaintiff HAFEEZ SAHEED.

95.     Defendant RIVERA caused plaintiff HAFEEZ SAHEED to be prosecuted without probable cause until the charges were dismissed on or about September 25, 2015.

96.     Defendant City, as employer of the defendant RIVERA, is responsible for his wrongdoing under the doctrine of *respondeat superior.*

97.     As a result of the foregoing, plaintiff HAFEEZ SAHEED is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(<u>Negligent Screening, Hiring, and Retention under the laws of the State of New York</u>)

98.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "97" with the same force and effect as if fully set forth herein.

99.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff HAFEEZ SAHEED.

100.     Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct

heretofore alleged in this Complaint.

101.    As a result of the foregoing, plaintiff HAFEEZ SAHEED is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

102.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103.    Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff HAFEEZ SAHEED.

104.    As a result of the foregoing, plaintiff HAFEEZ SAHEED is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

105.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106.    Plaintiff's injuries herein were caused by the carelessness, recklessness and

negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

107.    Defendant City, as employer of the individually named defendant officers, is responsible for their negligence under the doctrine of *respondeat superior.*

108.    As a result of the foregoing, plaintiff HAFEEZ SAHEED is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12 against Defendant City of New York)

109.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "108" with the same force and effect as if fully set forth herein.

110.    As a result of defendant officers' conduct, plaintiff HAFEEZ SAHEED was deprived of his right to security against unreasonable searches, seizures, and interceptions.

111.    As a result of the foregoing, plaintiff HAFEEZ SAHEED is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff HAFEEZ SAHEED demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury;

(B)   punitive damages against the individual defendants in an amount to be determined by a jury;

(C)   reasonable attorneys' fees and the costs and disbursements of this action; and

(D)   such other and further relief as appears just and proper.

Dated: New York, New York
       August 7, 2017

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff HAFEEZ SAHEED
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By:      s/ Brett Klein
         BRETT H. KLEIN (BK4744)

18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

HAFEEZ SAHEED,

                                       Plaintiff,                    17 CV 1813 (KPF)


           -against-

CITY OF NEW YORK, KEVIN KENNY, Individually,
WILLIAM NAKELSKI, Individually, OU WU, Individually,
and JOHN and JANE DOE 1 through 10, Individually (the
names John and Jane Doe being fictitious, as the true names
are presently unknown),

                                       Defendants.

--------------------------------------------------------------------------------X




**AMENDED COMPLAINT**








**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132